IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES YOUNGBERG**                                              **PLAINTIFF**
**#486348**

**V.**                    **NO. 4:23-cv-00699-LPR-ERE**

**BRANDON LONG,** *et al.*                                    **DEFENDANTS**

**ORDER**

**I.**     **Summary**

Plaintiff Charles Youngberg, a pre-trial detainee at the White County Detention Facility ("Detention Facility"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. As explained below, in its current form, Mr. Youngberg's complaint fails to state a plausible constitutional claim that would survive screening.[1] However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process[2] to give Mr. Youngberg the

---

[1] See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft*, 556 U.S. at 678; *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

opportunity to file an amended complaint clarifying his constitutional claims.

## II.     Deficiencies in Complaint

### 1.     Unrelated Claims

Mr. Youngberg's complaint includes multiple claims arising on different dates in four different counties. He sues fourteen individuals in both their individual and official capacities seeking declaratory, injunctive, and monetary relief. Mr. Youngberg alleges that Defendants have: (1) assaulted him in retaliation for exercising his First Amendment rights; (2) forced him to sleep on the floor in retaliation for exercising his First Amendment rights; (3) denied him access to medical treatment, mental health treatment, and medication; (4) wrongfully arrested him; (5) interfered with his legal mail; (6) denied him access to the law library; and (7) destroyed his personal property.

Mr. Youngberg may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). In other words, Mr. Youngberg may pursue in one lawsuit claims involving different Defendants involving events that happened in different detention facilities. Instead, Mr. Youngberg must choose

which related claims he wishes to pursue in this case.[3]

### 2. Official Capacity Claims

Mr. Youngberg's claims against Defendants in their official capacity are treated as claims against either Stone County, Cleburne County, Van Buren County, or White County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Youngberg's complaint fails to allege that he suffered any constitutional injury as the result of any county's custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

### 3. Excessive Force Claim

Despite stating that Defendants Greenfield, Maddox, and Lowery "assaulted" him, Mr. Youngberg fails to allege any specific facts to support this conclusory assertion.

---

[3] Mr. Youngberg is free to pursue unrelated claims in one or more separately filed lawsuits.

Because Mr. Youngberg was a pretrial detainee during the relevant time, to state an excessive force claim, he must allege facts to show that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Objective reasonableness turns on the facts and circumstances of each case. *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. In addition, a court must consider the government's legitimate interest in managing the detention facility. *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).[4]

Mr. Youngberg's conclusion that Defendants assaulted him is insufficient to state a plausible constitutional claim. At a minimum, if Mr. Youngberg seeks to pursue an excessive force claim, his amended complaint must explain: (1) what force was used and by whom; (2) whether the force was directed at Mr. Youngberg or someone or something else; and (3) whether Mr. Youngberg suffered any injury as

---

[4] Factors relevant to assessing the objective reasonableness of the force used include: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. *Kingsley*, 76 U.S. at 396-97 (citing *Graham*, 490 U.S. at 396). "Constitutionally infirm practices are those that are punitive in intent, those that are not rationally related to a legitimate purpose, or those that are rationally related but are excessive in light of their purpose." *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).

a result of the alleged unconstitutional conduct.

## 4. Retaliation Claim

Mr. Youngberg's complaint conclusively alleges that Defendants retaliated against him for exercising his First Amendment right to file a lawsuit against Detention Facility officials.[5]

To state a retaliation claim, Mr. Youngberg must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a prisoner of ordinary firmness from engaging in that activity; and (3) a causal connection exists between the Defendants' retaliatory motive and the adverse action. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

To establish a causal connection between his protected speech and the adverse action, "[Plaintiff] must show that the protected activity was a 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte*, 22 F.4th at 804 (cleaned up). Mr. Youngberg's conclusory assertion that Defendants retaliated against him is insufficient to state a plausible constitutional claim.

---

[5] Mr. Youngberg previously filed *Youngberg v. Gardner, et al.*, E.D. Ark. Case No. 4:23cv402 JM. That case is currently stayed pending a resolution of Mr. Youngberg's state court criminal charges pending against him.

### 5. Medical Deliberate Indifference Claim

Mr. Youngberg's complaint also alleges that Defendants at different facilities failed to provide him unidentified medical treatment, mental health treatment, and medication.

To state a plausible medical deliberate indifference claim against Defendants, Mr. Youngberg must allege facts showing that: (1) he had "objectively serious medical needs"; and (2) Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[6]

The current complaint fails to allege facts to show that Mr. Youngberg suffers

---

[6] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins,* 557 F.3d at 633.
    Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner*, 937 F.3d at 1177; see *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

from a serious medical need, how Defendants' were aware of that need, and what Defendants did or failed to do that allegedly rises to the level of a constitutional violation. Thus, Mr. Youngberg's proposed medical deliberate indifference claim, as stated in the current complaint, cannot survive screening.

### 6. Unlawful Arrest Claim

To the extent that Mr. Youngberg asserts a Fourth Amendment claim for unlawful arrest, he is pursuing this claim in *Youngberg v. Gardner, et al.*, E.D. Ark. Case No. 4:23-cv-402-JM ("*Youngberg I*"). In *Youngberg I*, the Court specifically abstained from further screening of Mr. Youngberg's official and personal capacity claims for unlawful arrest until his state criminal case is resolved. See *Doc. 42*. Even though *Youngblood I* is currently stayed, Mr. Youngberg may not pursue the same unlawful arrest claim in this case.

### 7. Interference with Legal Mail Claim

Mr. Youngberg's complaint alleges that unidentified staff members interfered with his "legal mail." *Doc. 2 at 12*. However, a prisoner's privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Mr. Youngberg alleges that Detention Facility staff interfered with mail from the Court outside of his presence.

Such conduct, even if true, fails to state a constitutional violation.[7]

### 8. Access to Courts Claim

To the extent Mr. Youngberg sues the defendants because they did not allow him access to the law library, he fails to allege sufficient facts to state a First Amendment access-to-courts claim. Prisoners' constitutional right of access to the courts is well-established. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to state a plausible denial of court access claim, a prisoner must plead facts to show that he suffered an actual injury or prejudice as a result of the denial of access to legal materials, counsel, or the courts. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).[8] The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 to vindicate the violation of a basic constitutional right. *Id.* at 355 ("The tools [required by *Bounds*] are those that the

---

[7] See *Moore v. Rowley*, Case No. 04-1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (holding that a bankruptcy petition a prisoner mailed to United States Bankruptcy Court was not privileged legal mail, and thus, could opened by prison officials outside of an inmate's presence); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (explaining that court documents may be opened outside of an inmate's presence because they are "public documents").

[8] See also *White v. Kautzky*, 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.").

inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Mr. Youngberg fails to describe any pending legal action that was impacted by his inability to access the law library. Accordingly, he has failed to state a plausible constitutional claim arising from Defendants' denial of library access.

9. **Loss of Personal Property Claim**

Mr. Youngberg's complaint alleges that Defendants at the White County Detention Center confiscated and destroyed his personal property. The alleged conduct fails to rise to the level of a constitutional violation. It is settled law that if an inmate is deprived of personal property, no relief is available under section 1983 as long as state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished), the Eighth Circuit Court of Appeals determined that an Arkansas county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation state remedy and, thus, could not seek relief under section 1983. See also *Bausley v. Dugan*, No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished) (holding that a detainee could not bring a section 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a

conversion action in state court). Therefore, Mr. Youngberg's allegations regarding the loss of personal property fail to state a plausible constitutional claim for relief.

## III. Guidelines for Filing Amended Complaint

Mr. Youngberg has thirty days to file an amended complaint. If Mr. Youngberg files an amended complaint, he should specifically: (1) include only those constitutional claims arising from the same transaction or occurrence; (2) identify and name as Defendants those individuals who *personally* violated his constitutional rights; and (3) explain the injury he suffered as a result of each Defendant's unconstitutional conduct.

If Mr. Youngberg fails to file a timely amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of this case for failure to state a plausible constitutional claim. Alternatively, if Mr. Youngberg files an amended complaint and multiple unrelated claims survive screening, the Court may choose the claim or claims Mr. Youngberg may pursue in this case and dismiss the others. See FED. R. CIV. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does*, 777 F. App'x 176, 177 (8th Cir. 2019).

Mr. Youngberg's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original

complaint without legal effect). So, Mr. Youngberg should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, Mr. Youngberg need only include in his amended complaint a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV. Conclusion:

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Youngberg may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Youngberg fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of this case.

3. The Clerk is instructed to provide Mr. Youngberg, along with this Order, a blank 42 U.S.C. § 1983 complaint form.

So Ordered 11 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE