## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHARLES YOUNGBERG**                                                    **PLAINTIFF**
**#486348**

**V.**                          **NO. 4:23-cv-00699-LPR-ERE**

**BRANDON LONG,** *et al.*                                              **DEFENDANTS**

## ORDER

Pending before the Court are two motions filed by Plaintiff Charles Youngberg: (1) a motion to compel discovery; and (2) a motion for the appointment of counsel. *Docs. 7, 9*. For the reasons explained below, both motions are denied.

1.      **Motion to Compel Discovery:**

In his motion to compel, Mr. Youngberg requests that the Court order Defendants to: (1) produce certain documents, including medical records, reports, affidavits, grievances, as well as county jail rules and regulations; and (2) respond to his discovery requests. For multiple reasons, discovery is premature.

First, discovery rules only allow Mr. Youngberg to request discovery that is relevant to the claims in this lawsuit. At this point it is unclear what claims, if any, Mr. Youngberg may pursue in this case. By separate Order, the Court has explained the deficiencies in Mr. Youngberg's original complaint and given him an opportunity to file an amended complaint to clarify his constitutional claims. Until the Court determines, on screening, what claims are in this lawsuit, the proper scope

of discovery in this lawsuit cannot be determined.  It is too early in the case for Mr. Youngberg to request merits-related discovery or to try to compel discovery responses.

Second, assuming the Court determines, on screening, that Mr. Youngberg has stated a constitutional claim and the case may proceed, it will order service on Defendants. However, even after Defendants have responded to Mr. Youngberg's complaint, merits discovery will be stayed to allow Defendants, if they choose, to file a dispositive motion raising the issue of exhaustion. For this additional reason, Mr. Youngberg's attempt to conduct merits-related discovery or to compel discovery responses is premature.

Finally, Mr. Youngberg is again reminded that he should *not* file routine discovery requests or responses with the Court but should send them directly to defense counsel. See Initial Order, *Doc. 6*.

## 2.      <u>Motion for the Appointment of Counsel</u>:

A pro se litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the pro se prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson*

2

*v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*.; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. After considering all relevant factors, in particular, the factual and legal complexity of this case, the Court declines to appoint counsel at this point in the case.[1]

IT IS THEREFORE ORDERED THAT:

1.      Mr. Youngberg's motion to compel (*Doc. 7*) is DENIED.

2.      Mr. Youngberg's motion for the appointment of counsel (*Doc. 9*) is DENIED, without prejudice.

Dated 11 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Youngberg And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Youngberg.

3