IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES YOUNGBERG**                                                               **PLAINTIFF**
**#486348**

**V.**                     **NO. 4:23-cv-00699-LPR-ERE**

**BRANDON LONG,** *et al.*                                            **DEFENDANTS**

## ORDER

This Order addresses several pending motions filed by Plaintiff Charles Youngberg, a pre-trial detainee at the White County Detention Facility ("Detention Facility"), who filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983.

**1.**     **Motion for Preliminary Injunctive Relief (*Doc. 3*)**

Pending before the Court is Mr. Youngberg's pleading titled "Order to Show Cause for a preliminary and permanent injunction and a temporary restraining order." *Doc. 3*. The Clerk docketed that pleading as a motion for preliminary injunction, a motion for permanent injunction, and a motion for a temporary restraining order. Mr. Youngberg fails to include *any* facts in his pleading. Rather, he filed a proposed Order prohibiting Defendants "their successors in office, agent[s,] and employees and all other persons acting in concert and participation with them from legal and physical contact and custody of the plaintiff, stop harassment" and "removing the plaintiff out of the care of custody of any and all defendants and the facilities they work for." *Id. at 1-2*. Without providing any facts

1

to the Court, Mr. Youngberg fails to make a colorable showing that he is even arguably entitled to any preliminary injunctive relief.[1] For the reasons stated below, his motion will be summarily denied.

First, Mr. Youngberg's request for injunctive relief is so broad and general that the requested injunction would be impossible to enforce. *See* FED. R. CIV. P. 65(d) (providing that "every injunction and restraining order must . . . state its terms specifically . . . and describe in reasonable detail . . . the act or acts restrained or required"). And Mr. Youngberg's specific request for a Court-ordered transfer to Searcy County Jail is clearly inappropriate.[2]

Second, it is unclear whether Mr. Youngberg's request for injunctive relief even relates to any claim he may pursue in this lawsuit. The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must

---

[1] When deciding whether to grant a temporary restraining order or preliminary injunction, four factors are relevant: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). These factors are typically referenced as the *Dataphase* factors.

[2] Mr. Youngberg is not entitled to be housed in any particular unit. *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983)).

"establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* The Court has explained in a separate Order that Mr. Youngberg must narrow his proposed claims in this lawsuit to include only related claims. Thus, any future request for injunctive relief must seek relief related to a claim in this lawsuit.

Third, Mr. Youngberg fails to allege any facts showing that he is likely to suffer irreparable harm in the absence of a preliminary injunction. This finding alone requires the denial of a request for preliminary injunctive relief. See *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005) (before a court can "enter a preliminary injunction, it must find that the moving party would be irreparably harmed absent an injunction").

Mr. Youngberg is free to file a properly supported motion for preliminary injunctive relief. However, if he does so, he must specifically: (1) explain the preliminary injunctive relief he seeks; (2) include information pertinent to the *Dataphase* factors referenced in footnote 1; and (3) explain why he needs the relief now, as opposed to the conclusion of the lawsuit, assuming he is successful on the merits of his claims.

2. **Motion for Preliminary Injunctive Relief (*Doc. 11*):**

Also pending before the Court is Mr. Youngberg's motion for leave to file for preliminary relief and submit a[n] amicus brief." *Doc. 11*. In his motion, Mr.

3

Youngberg: (1) "seeks preliminary relief of permanent injunction and restraining against all Defendants" (*Id. at 1*); (2) reasserts the constitutional claims raised in his complaint; (3) provides names of individuals who allegedly witnessed the alleged constitutional violations; and (4) requests that the Court "accept his amicus brief, grant him the preliminary relief he has requested, as well as takes steps to promptly protect him and investigate the criminal acts committed against him for speaking out and filing a complaint" (*Id. at 9*). Although Mr. Youngberg provides general allegations concerning his constitutional claims, Mr. Youngberg fails to include any facts even arguably showing that he is entitled to any preliminary injunctive relief. Accordingly, for the reasons stated above, Mr. Youngberg's second motion for preliminary injunctive relief is also denied.

Black's Law Dictionary defines amicus curiae as "a party that is not involved in litigation" but may provide expert testimony when the Court allows.[3] Because Mr. Youngberg is a party to this lawsuit, he should not file any amicus briefs with the Court; nor should he seek leave of Court to do so.

3. **Motion for Default Judgment (*Doc. 12*):**

Service has not yet been ordered of Mr. Youngberg's complaint. Thus, it is impossible for the Defendants in this case to be in default and for Mr. Youngberg to

---

[3] See https://thelawdictionary.org/?s=amicus+curiae.

be entitled to a default judgment. See Fed. R. Civ. P. 55(a) (explaining that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Thus, Mr. Youngberg's motion is mislabeled.

Mr. Youngberg's "motion for default" again requests that the Court "enter judgment or preliminary relief, permanent injunction, and permanent restraining as well as some relief requested in plaintiff's prayer for relief." *Doc. 12 at 1-2*. In substance, the motion is another request for preliminary injunctive relief. For the same reasons the Court denied Mr. Youngberg's earlier motions for preliminary injunctive relief (*Docs. 3, 11*), this motion is also denied.

IT IS THEREFORE ORDERED THAT:

1. Mr. Youngberg's motions for preliminary injunctive relief, permanent injunction, and temporary restraining order (*Docs. 3, 11*) are DENIED.

2. Mr. Youngberg's motion for default judgment (*Doc. 12*) is DENIED.

So Ordered 11 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE